IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

VEHICLE INTERFACE TECHNOLOGIES,
LLC,

Plaintiff,

v.

Civil Action No. 12-1284-RGA

FORD MOTOR COMPANY,

Defendant.

VEHICLE INTERFACE TECHNOLOGIES,
LLC,

Plaintiff,

v.

Civil Action No. 12-1285-RGA

JAGUAR LAND ROVER NORTH
AMERICA, LLC,

Defendant.

## MEMORANDUM OPINION

Stephen B. Brauerman, Esq., BAYARD, P.A., Wilmington, DE; Robert E. Freitas, Esq. (argued),
Rachel Kinney, Esq., FREITAS ANGELL & WEINBERG, Redwood Shores, CA.

Attorneys for Plaintiff Vehicle Interface Technologies, LLC.

Richard K. Herrmann, Esq., Mary Matterer, Esq., MORRIS JAMES LLP, Wilmington, DE; Eric
A. Buresh, Esq. (argued), Jason R. Mudd, Esq., ERISE IP, P.A., Overland Park, KS; J. Tracy
Walker, IV, Esq., MCGUIRE WOODS LLP, Richmond, VA.

Attorneys for Defendant Ford Motor Company.

John W. Shaw, Esq., Stephanie E. O'Byrne, Esq., SHAW KELLER LLP, Wilmington, DE;
Matthew J. Moore, Esq. (argued), LATHAM & WATKINS LLP, Washington, DC; Clement J.
Naples, Esq., LATHAM & WATKINS LLP, New York, NY, Lisa K. Nguyen, Esq., Michelle
Woodhouse, Esq., LATHAM & WATKINS LLP, Menlo Park, CA.

Attorneys for Defendant Jaguar Land Rover North America, LLC.

January __31__, 2015

_Andrew G. Andrews_
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court are Defendants' Motions for Summary Judgment based on anticipation. (D.I. 88).[1] The motions have been fully briefed (D.I. 89, 96 & 100), and the parties appeared for oral argument on December 22, 2014 (D.I. 110). During oral argument, Defendants informed the Court that they had joined each other's motions, and thus presented their arguments together. (*Id.* at 5:16–18). For the reasons set forth herein, Defendants' Motions for Summary Judgment, with respect to anticipation, are granted.[2]

## I.    BACKGROUND

Plaintiff Vehicle Interface Technologies, LLC ("VIT") brought the current action against Defendants Ford Motor Company and Jaguar Land Rover North America, LLC for patent infringement on October 5, 2012. (D.I. 1). VIT is the owner of U.S. Patent No. 6,842,677 ("the '677 patent"), and alleges that Defendants' products and services infringe that patent. The summary of the invention states that:

> The invention provides user interface systems and methods for a vehicle. A display is provided to a driver that includes a fixed area and a selectable area. The fixed area displays vehicle information such as speed, gas level, mileage, etc. The selectable area displays a page that includes parameters for one or more optional subsystems. The desired page can be selected by the driver using a first set of input devices mounted on a side of the steering device (i.e., steering wheel) of the vehicle.

(D.I. 90, Ex. A at 8, 1:57–65). VIT asserts independent claim 1, and dependent claims 2, 3, 5, and 6 of the '677 patent. (D.I. 89 at 8). Claim 1 of the '677 patent provides:

> A user interface system for a vehicle having a steering device, the system comprising:

---

1 Unless specifically noted otherwise, all citations to the record are to Civil Action No. 12-1285.

2 This opinion does not address Defendants' obviousness or non-infringement arguments.

a plurality of pages, wherein each page includes at least one
parameter for at least one of a plurality of optional subsystems for
the vehicle;

a display mounted behind the steering device, the display
including a fixed area and a selectable area, wherein the fixed area
displays vehicle information and the selectable area displays one of
the plurality of pages, and wherein the fixed area and the selectable
area each comprise a unique and static portion of the display; and

a computing system in communication with the display
device, wherein the computing system operates each of the plurality
of optional subsystems based on the at least one parameter.

(D.I. 90, Ex. A at 11, 8:47–61). The Court issued a claim construction opinion, construing the

term "wherein the fixed area and the selectable area each comprise a unique and static portion of

the display" to mean "wherein the fixed area and the selectable area have non-overlapping and

non-moving boundaries and the fixed area does not display any of the plurality of pages." (D.I.

53 at 5).

Defendants rely on multiple prior art references for their anticipation argument, but I will

focus on the 2001 Mercedes-Benz E-Class ("2001 Mercedes"). Defendants allege that the 2001

Mercedes was offered for sale, sold, and used as early as February 28, 2001 (D.I. 90, Ex. FF ¶

15), and that the user manual was published on October 31, 2000 (*Id.*, Ex. M). The filing date

of the '677 patent was February 28, 2003. (*Id.*, Ex. A at 2). VIT does not dispute that the

2001 Mercedes constitutes a prior art reference. (D.I. 110 at 6:14–18).

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely

disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317,

3

330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

4

## III. DISCUSSION

During oral argument, the parties agreed that the construction of the term "page" is the only matter at issue for determining whether the 2001 Mercedes prior art reference anticipates all of the asserted claims in the '677 patent. (D.I. 110 at 6:14–18). VIT conceded that if the Court agrees with Defendants' construction of "page," then the '677 patent is anticipated by the 2001 Mercedes. (*Id.* at 7:7–22). Therefore, the Court will focus its attention on the construction of the term "page" before addressing anticipation.

### A. Claim Construction

#### 1. Legal Standard

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324). When construing patent claims, a matter of law, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 (internal quotation marks and citations omitted).

"[T]he words of a claim are generally given their ordinary and customary meaning. . . . [Which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312–13 (internal quotation marks and citations omitted). "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314 (internal citations omitted).

A court may consider extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises," in order to assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* at 1317–19 (internal quotation marks and citations omitted). Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

"A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would exclude the inventor's device is rarely the correct interpretation." *Osram GmbH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (internal quotation marks and citation omitted).

6

2.      **Disputed Term**

        "page"

                a.      *Plaintiff's proposed construction*: One complete full-screen image, including formatting such as shapes, colors, and rotation of fonts.    (D.I. 110 at 48:6–7).

                b.      *Defendants' proposed construction*: A collection or section of information that can be displayed on a screen at one time.    (D.I. 100 at 6).

                c.      *Court's construction*: A collection or section of information that can be displayed on a screen at one time.

Defendants argue that claim 1 of the '677 patent only requires a "page" to include "at least one parameter for at least one of a plurality of optional subsystems for the vehicle."    (D.I. 90, Ex. A at 11, 8:47–61).    Defendants cite element 156 of Figure 2 and element 128 of Figure 4 as illustrative examples of a "page" in the '677 patent:





*FIG. 2*                                FIG. 4

(*Id.* at 4 fig.2 & 6 fig.4).    The specification provides that "[p]age 156 includes various parameters (i.e., AM, FM, Cassette, CD, etc.) for operating features of the audio subsystem," and "[f]or example, a user can select the cassette parameter 158 and page 156 would change to the page that contains the various parameters for operating a cassette player (shown displayed in secondary display 128 in FIG. 4)."    (*Id.* at 10, 5:15–17 & 5:23–27).    Defendants maintain that

"nothing in the '677 Patent or its prosecution history suggests that 'pages' require certain appearance characteristics, such as shapes, colors or graphics." (D.I. 89 at 12). Defendants argue that VIT's expert, Michael Nranian, would require a "page" to be "appealing" and "aesthetically pleasing," which are both subjective standards that are not supported by the intrinsic record. (D.I. 90, Ex. G at 12, 318:20–22). Defendants contend that the plain and ordinary meaning of the term "page" may include text, shapes, or graphics, but may also include text only, as is the case in the page of a book. (D.I. 89 at 12).

VIT relies almost entirely on the Microsoft Computer Dictionary and Mr. Nranian's testimony to support its proposed construction. (D.I. 110 at 46:13–20). Mr. Nranian states in his report that "[a] 'page' has appearance characteristics such as shapes, color gradients, graphical details, etc. to make selectable features more distinct, readable, and sharper," and "as it would be understood as of 2002, requires more in terms of detail, formatting, etc. than the mere 1-4 lines of basic text provided in the message center of the Mercedes Benz E-Class." (D.I. 90, Ex. D ¶¶ 73 & 94). VIT cites the '677 specification for support, which provides that "[t]he identifiers that represent the page currently being displayed can be highlighted (*i.e.*, a unique color, bold, designated location, reverse colors, etc.)." (*Id.*, Ex. A at 9, 4:63–66). Additionally, VIT argues that element 156 of Figure 2 "contains formatting, consisting of numerous rows of selectable options, multiple fonts (normal and rotated 90 degrees each way) and is associated with the tree of formatted menus surrounding the display." (D.I. 96 at 11).

VIT admits that its proposed construction goes beyond the plain and ordinary meaning of the term "page." (D.I. 110 at 49:1–7). There is nothing in the claims or the specification that requires a "page" to be a "complete full-screen image," or to have a certain degree of "formatting." The specification passage that VIT cites for support only refers to page

8

"identifiers," not a "page," and provides exemplary embodiments, which do not create limitations for the claim terms. Mr. Nranian's testimony and the Microsoft Computer Dictionary are both sources of extrinsic evidence, which the Federal Circuit has said is "less significant than the intrinsic record." *Phillips*, 415 F.3d at 1317. Further, the Federal Circuit has made clear that "conclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court." *Id.* at 1318.

A side-by-side comparison of the accused Ford product and the Lincoln prior art reference highlights the contradiction between what VIT considers a "page" for purposes of infringement, and what it does not consider a "page" for purposes of invalidity:



**[Accused Ford Product]**



**[Lincoln Prior Art]**

(D.I. 89 at 16; *see also* C.A. No. 12-1284, D.I. 91, Ex. C at 55). It is a well-established principle that "claims are construed the same way for both invalidity and infringement." *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003). Here, the only difference between the two images above is the relative "attractiveness" of the display screens. No construction of the term "page" can incorporate such a fine distinction, so as to include the "page" in the accused Ford product, and exclude the "page" in the Lincoln prior art reference. Therefore, the claims of the '677 patent could not reasonably be found to be both valid and infringed when applying a single construction of the term "page."

9

I agree with Defendants that VIT's limitation requiring "formatting" is not supported by the intrinsic record, and is based solely on Mr. Nranian's "unsupported assertions." In my opinion, VIT's proposal is not even close to being a proper claim construction. Defendants' proposed construction, on the other hand, is consistent with the broad definition of "page" in claim 1 of the '677 patent, requiring only the inclusion of "at least one parameter for at least one of a plurality of optional subsystems for the vehicle." Further, Defendants' proposed construction matches the examples provided in Figures 2 and 4 of the '677 patent, which are "section[s] of information" that are "displayed on a screen at one time." Thus, Defendants' proposed construction better represents the plain and ordinary meaning of the term "page," as understood in the '677 patent. Therefore, I adopt Defendants' proposed construction.

## B. Anticipation

### 1. Legal Standard

"To show that a patent claim is invalid as anticipated, the accused infringer must show by clear and convincing evidence that a single prior art reference discloses each and every element of a claimed invention." *Silicon Graphics, Inc. v. ATI Tech., Inc.*, 607 F.3d 784, 796 (Fed. Cir. 2010). "[E]very element of the claimed invention [must be described], either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1346 (Fed. Cir. 2009). As with infringement, the court construes the claims and compares them against the prior art. *See Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010). "While anticipation is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Encyclopaedia Britannica, Inc. v. Alpine Elecs. of Am., Inc.*, 609 F.3d 1345, 1349 (Fed. Cir. 2010).

10

### 2. 2001 Mercedes

Defendants argue that the 2001 Mercedes reference anticipates all of the asserted claims in the '677 patent. (D.I. 89 at 10). Defendants' expert Dr. Paul Green sets forth in his expert report each element in the asserted claims of the '677 patent, and where it is found in the 2001 Mercedes. (D.I. 90, Ex. FF ¶¶ 32–71). VIT's expert, Mr. Nranian, only contests Defendants' proof of anticipation on the basis that the 2001 Mercedes does not disclose "page." (*Id.*, Ex. D ¶¶ 91–98). During oral argument, VIT agreed that construing the term "page" was the only remaining issue to determine whether the 2001 Mercedes anticipates the asserted claims of the '677 patent. (D.I. 110 at 6:14–18). Further, VIT agreed that if the Court adopts Defendants' construction of "page," then the 2001 Mercedes anticipates the asserted claims of the '677 patent. (*Id.* at 7:15–22). The Court has construed "page" to mean "a collection or section of information that can be displayed on a screen at one time." Applying the Court's construction, the 2001 Mercedes contains the following menus for optional subsystems, which meet the Court's definition of "page":



(D.I. 90, Ex. M at p. A0199). Therefore, there is no genuine issue of material fact with regard to anticipation, and the Court finds that all of the asserted claims in the '677 patent are anticipated by the 2001 Mercedes.

## IV.    CONCLUSION

For the reasons set forth above, the Court will grant Defendants' Motions for Summary Judgment on the basis of anticipation.    A separate Order consistent with this Memorandum Opinion will be entered.